UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARTIN EMERSON,

    Plaintiff,

v.                                      Case No.  3:18-cv-2391-MCR/MJF

MASTEC INC,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

The clerk of the court referred this case to the undersigned. Plaintiff was directed to file a notice indicating his intent to pursue this action, (Doc. 15), and has not done so. For the following reasons, the undersigned recommends that the present action be **DISMISSED** without prejudice for failure to comply with a court order and failure to prosecute.[1]

**I.    Background**

Plaintiff filed this action in the Circuit Court for the First Judicial Circuit, Escambia County, Florida. Plaintiff sought damages, prejudgment interest and

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

attorney's fees based on allegations that Defendant discriminated and retaliated against him in violation of 42 U.S.C. § 1981, *et seq.* Defendant removed the action to the United States District Court for the Northern District of Florida. (Doc. 1 at 1).

On December 20, 2018, United States District Court Judge M. Casey Rodgers issued an initial scheduling order directing "counsel of record and any unrepresented parties" to "confer (personally, by phone, or electronically) within **30 days** from the date of" the initial scheduling order. (Doc. 2). The order directed the Plaintiff to initiate arrangements for the conference and the filing of the Joint Report. (*Id.*).

On February 15, 2019, the Defendant filed a motion to compel arbitration. (Doc. 11). On March 11, 2019, after Plaintiff had not responded to this motion, the undersigned offered the Plaintiff an opportunity to respond and reminded him that a failure to respond would be understood as a lack of opposition to Defendant's motion. (Doc. 13). Plaintiff never responded.

On February 26 and March 1, 2019, the Defendant attempted to contact the Plaintiff via email to confer on the joint scheduling report. (Doc. 12). Although Defendant provided Plaintiff more than 24 hours to respond, Plaintiff did not respond to the Defendant's emails and did not confer with Defendant. (*Id.*).

On March 28, 2019, the undersigned ordered Plaintiff to show cause for his failure to comply with the court's initial scheduling order. (Doc. 14). Plaintiff's

deadline to show cause was April 11, 2019. To date, Plaintiff has not responded to this order.

On May 1, 2019, the undersigned issued an order directing Plaintiff to file a notice indicating whether he still desired to pursue this case. (Doc. 15). The undersigned gave Plaintiff a deadline of May 15, 2019 to respond. The undersigned specifically warned the Plaintiff that failure to comply with the order likely would result in dismissal of this action for failure to prosecute and failure to comply with court orders. (Doc. 15). To date, Plaintiff has not responded.

**II. Discussion**

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts may *sua sponte* dismiss

cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of the Plaintiff's failure to comply.** Judge Rodgers issued her order on December 20, 2018, and gave the parties thirty days to confer and an additional fourteen days thereafter to file the joint report. Plaintiff failed to respond to Defendant's attempts to initiate conferral. On March 28, 2019, the undersigned issued an order to show cause as to why Plaintiff failed to comply with Judge Rodgers's order and provided Plaintiff fourteen days to respond. Because Plaintiff failed to respond the undersigned issued a subsequent order on May 1, 2019, directing the Plaintiff to indicate whether he intended to pursue this action. The undersigned provided Plaintiff fourteen days to respond. Plaintiff has not yet responded.

**(2) The Plaintiff's failure to comply with multiple orders.** The Plaintiff has failed to comply with three orders:

    a.    Judge Rodgers's order of December 20, 2018;

    b.    the undersigned's order of March 28, 2019; and

    c.    the undersigned's order of May 1, 2019.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned specifically warned the Plaintiff that failure to comply with the respective orders could result in dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite this warning, Plaintiff has not responded and has not complied with the initial scheduling order.

**(4) The Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, the Plaintiff may elect to refile his claim should he choose to pursue it in the future.

**(5) The proper balance between alleviating court calendar congestion and protecting the Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to dispose of cases that are not being actively prosecuted outweighs

other interests.

**(6)  The public policy favoring disposition of cases on their merits.** Plaintiff has refused to make any effort to comply with court orders. Those orders are designed to facilitate disposition of cases on their merits. The policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition.

**(7)  The fact that any lesser sanction would be inefficacious.** Plaintiff's past conduct suggests that he likely would ignore any further orders to comply.

These and other factors indicate that dismissal without prejudice is warranted in this case.

### III.  Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED without prejudice** for failure to comply with multiple court orders and for failure to prosecute.

2. The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this <u>20th</u> day of May, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.